IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA R. PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-588 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CALVARY SPV I, LLC, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

**I.     MEMORANDUM**

Currently pending before the Court are Defendant Jorge M. Pereira and Defendant The Law of Business, PC's Motion to Dismiss for Failure to State a Claim/Motion to Dismiss for Lack of Jurisdiction (Doc. 8) and Defendant Calvary SPV I, LLC's Motion to Compel Arbitration/Motion to Dismiss for Failure to State a Claim (Doc. 15).

For the reasons stated below, Defendant Jorge M. Pereira and Defendant The Law of Business, PC's Motion to Dismiss will be granted in part and denied in part. Defendant Calvary SPV I, LLC's Motion to Compel Arbitration/Motion to Dismiss for Failure to State a Claim will be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Linda R. Pierce ("Plaintiff") filed a five-count Complaint (Doc. 1) against Defendants Calvary SPV I, LLC ("Calvary"), Jorge M. Pereira ("Pereira"), and The Law of Business, PC ("TLOB"), alleging claims under both Federal and State statutes. Counts I and II allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Count III alleges a violation of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. § 2270.1, *et seq*. Count IV alleges a violation of Pennsylvania's

Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. § 201-1 *et seq*. Count V alleges a claim for the "Wrongful Use of Civil Proceedings" under 42 Pa. Stat. Ann. §§ 8351-54, a statute commonly known as Pennsylvania's "Dragonetti Act."

All of Plaintiff's claims stem from a Civil Complaint ("the collection complaint") that was filed against her in Butler County, Pennsylvania on October 16, 2012, for an overdue credit card account. Comp. at ¶¶ 6-7. The collection complaint allegedly sought interest and liquidated attorney's fees. Id. at ¶ 7. Plaintiff alleges that Pereira signed the collection complaint, but does not specifically explain how the other two defendants were involved in the lawsuit. Id. at ¶ 8. Upon viewing the record as a whole, it appears that Calvary was assigned the underlying debt by the original creditor, and that Calvary retained the law firm TLOB to collect that debt. Pereira appears to be an attorney employed at TLOB, and is the individual who ultimately filed the collection complaint against Plaintiff on behalf of Calvary.

Plaintiff alleges that Pereira failed to review the collection complaint or Plaintiff's file, and that Defendants had no personal knowledge as to the accuracy of the information provided by the original creditor. Id. at ¶¶ 12-13. Further, Plaintiff alleges that Defendants[1] were not familiar with how the original creditor created or maintained its business records, and at the time that the collection complaint was filed, Defendants were not in possession of Plaintiff's account statements, her signed application, documentation substantiating Calvary's request for 22.65% interest, or proof that the account was assigned to Calvary from the original creditor. Id. at ¶¶ 10-11. Plaintiff alleges that the credit card agreement did not allow for the collection of attorney's fees, and if it did, then it did not permit the collection of liquidated attorney's fees sought in the collection complaint. Id. at ¶ 24.

---

[1] Plaintiff refers to "Defendants" throughout the complaint, without specifying Defendants individually.

On January 15, 2013, a judge allegedly entered judgment for Plaintiff in the collection suit, and Defendants did not appeal the judgment. Id. at ¶¶ 20-21. Plaintiff alleges that although she prevailed in the collection suit, she incurred attorney's fees, harm to her reputation, emotional distress, mental anguish and humiliation as a result of the lawsuit. Id. at ¶¶ 22-23.

Defendants Pereira and TLOB filed a Motion to Dismiss for Failure to State a Claim/Motion to Dismiss for Lack of Jurisdiction (Doc. 8), pursuant to Rules 12(b)(6) and (1) on May 24, 2013.  Subsequently, Defendant Calvary filed a Motion to Compel Arbitration/Motion to Dismiss for Failure to State a Claim (Doc. 15). Defendants have made several arguments as to why Plaintiff has failed to state a claim. The Court will examine each count in Plaintiff's complaint and consider the arguments made by each Defendant in turn. The Court will then turn to Defendant Calvary's Motion to Compel Arbitration.

## ANALYSIS

### A. Motions to Dismiss

When considering a Rule 12(b)(6) motion, the Court must accept all of plaintiff's allegations as true and construe all reasonable inferences in favor of the plaintiff. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim "requires a complaint with enough factual matter (taken as true) to suggest the required element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556) (internal quotations omitted). "This does not impose a probability requirement at the pleading stage, but instead

simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id.

### 1. Counts 1 & 2 – FDCPA Claims

In Counts I and II, Plaintiff alleges violations of the FDCPA. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Because the FDCPA was designed to protect consumers, FDCPA claims are "analyzed from the perspective of the least sophisticated debtor." Brown v. Card Serv. Ctr., 464 F.3d 450, 453-54 (3d Cir. 2006).

Specifically, Count I of Plaintiff's complaint alleges a violation of §§ 1692f and 1692f(1). Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

Similarly, Count II alleges a violation of §§ 1692e, 1692e(2)(A) & (B), and 1692e(10). Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .

> (2) The false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Both Motions to Dismiss argue that Plaintiff has failed to state a claim under the FDCPA. Specifically, Defendants argue: (a) Plaintiff has failed to state a violation of the FDCPA, since she relies on vague, conclusory allegations; (b) Plaintiff has failed to sufficiently allege that her "debt" is covered under FDCPA; (c) Plaintiff has failed to allege that she suffered actual damages; and (d) Plaintiff has failed to allege why the conduct of Pereira and TLOB should be imputed to Calvary. The Court will address each of these arguments in turn.

### a. Failure to State a Violation of the FDCPA

Both Motions argue that Plaintiff's complaint contains speculative and conclusory language and that, as a result, Plaintiff has failed to allege conduct that constitutes a violation of the FDCPA. Def. Pereira and TLOB's Brief (Doc. 9) at 5-6, 8-9; Def. Calvary's Brief (Doc. 16) at 17-18. The demand for liquidated attorney's fees, when the underlying agreement does not provide for such fees, is a violation of the FDCPA. See Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C., 2005 WL 2180481, at *4 (W.D. Mich. Sept. 9, 2005) ("The inclusion of a liquidated sum as attorney fees with the principal debt owed altered the terms of the [underlying] contract … and violated the FDCPA."); Som v. Daniels Law Offices, P.C., 573 F.Supp.2d 349, 357-58 (D. Mass. 2008) (finding a violation of the FDCPA when debt collectors sought a percentage-based attorney's fee that was not authorized by the language of the contract).

Here, Plaintiff has alleged that "[i]t is believed that the Credit Card Account agreement does not permit collection of the attorney fees by Calvary or if collection of attorney fees is permitted, the agreement does not permit collection of liquidated attorney fees based upon a percentage of the debt." Comp. at ¶ 24.  Plaintiff further alleges that "Defendants have in the Collection Complaint liquidated their demand for attorney fees and included said demand in the total amount sought in the Collection complaint." Id. at ¶ 245.   The Court finds that despite Plaintiff's inclusion of the phrase "it is believed," Plaintiff's allegations are not merely speculative, and she has pled factual allegations, which when taken as true, state a claim for a violation of the FDCPA.[2]   Therefore, the Court denies the Motions to Dismiss on the theory that Plaintiff has not sufficiently alleged conduct that violates the FDCPA.

### b. Failure to Sufficiently Allege "Debt" is Covered Under FDCPA

Defendant Calvary asserts that Plaintiff has failed to sufficiently allege that the purported debt was one protected by the FDCPA.  Def. Calvary's Brief (Doc. 16) at 12.   "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt'."  Zimmerman v. HBO Affiliate Group., 834 F.2d 1163, 1167 (3d Cir. 1987). The term "debt" is defined in the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household

---

[2] Calvary further argues that Plaintiff cannot rely upon the identical allegations to support claims under both § 1692e and § 1692e(10), and similarly, that Plaintiff's claims under § 1692f should be dismissed because the conduct alleged already fits into another more specific section of the FDCPA.  Def. Calvary's Brief (Doc. 16) at 18-19.  While the Court acknowledges these arguments, many of the cases cited by Calvary in support of this notion are decisions on summary judgment, and the Court finds that the determination of whether Plaintiff's claims more properly fit under § 1692e, § 1692e(10), or § 1692f is more appropriately left for the summary judgment stage.  Therefore, the Court will not dismiss Plaintiff's claims on these grounds, without further development of the record.  Calvary is free to raise these arguments again on summary judgment, if applicable.

purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Here, Plaintiff has alleged that her purported debt was "for personal, family, or household purposes." Comp. at ¶ 35. The Court finds these allegations are sufficient to survive a motion to dismiss.[3]

### c. Failure to Allege Damages

Defendants Pereira and TLOB argue that Plaintiff has failed to state a claim because, having succeeded in the underlying collection suit, Plaintiff has not suffered any actual damages. Def. Periera and TLOB's Brief (Doc. 9) at 6-7. The Court disagrees. The FDCPA provides for the award of "actual damages, attorney's fees and costs, as well as statutory damages up to $1,000." F.T.C. v. Check Investors, Inc., 502 F.3d 159, 166 (3d Cir. 2007) (citing 15 U.S.C. § 1692k(a)). First, Plaintiff here alleges that she has suffered actual damages in the form of emotional distress. See McNally v. Client Servs., Inc., 2007 WL 4561152, at *6 (W.D. Pa. Dec. 20, 2007) (holding actual damages in an FDCPA claim can be in the form of emotional distress). Moreover, Plaintiff also seeks statutory damages, and the FDCPA does not make actual damages a prerequisite to the recovery of statutory damages.[4] See, e.g., Baker v. G. C. Servs. Corp., 677 F.2d 775, 780 (9th Cir. 1982); Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998). Finally, the

---

[3] The Court recognizes that there are non-controlling cases outside this jurisdiction that suggest otherwise. See Fenn v. CIR, Law Offices, 2011 WL 2621002, at *3 (E.D. Cal. June 29, 2011); Vaquero v. Frederick J. Hanna & Assoc., P.C., 2013 WL 5947011, at *2 (D. N.J. Nov. 6, 2013). However, the Court finds that Plaintiff's description of her debt here is not a mere legal conclusion. Plaintiff did not simply allege that her debt was covered under the FDCPA, but instead used terms that were included in the statute to describe why her debt qualified. The statute clearly defines debt as including obligations from transactions for "personal, family, or household purposes," and Defendants here only take issue with the sufficiency of Plaintiff's allegations and do not dispute whether the debt was actually covered under the FDCPA.

[4] While Defendants point to Salvati v. Deutsche Bank Nat. Trust Co., N.A., 2013 WL 1314777 (W.D. Pa. Mar. 28, 2013) for the notion that a plaintiff must allege actual damages to prevail in an FDCPA claim, that case did not discuss the availability of actual damages in the form of emotional distress or statutory damages.

Court also notes that Plaintiff here seeks to recoup attorneys' fees expended in the underlying litigation.  Therefore, the Court will not dismiss Plaintiff's FDCPA claims on the grounds that she prevailed in the underlying collection suit.

### d.  Failure to Allege Liability by Calvary

Defendant Calvary also argues that Plaintiff has failed to state a claim that warrants Pereira or TLOB's conduct to be imputed to Calvary.  Def. Calvary's Brief (Doc. 16) at 12-16.  As Plaintiff noted in her response, debt collectors can be held vicariously liable for their attorney's FDCPA violations.  See e.g., Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404-05 (3d Cir. 2000) (finding that holding a debt collector vicariously liable for its agent's collection activity "is a fair result" since the debt collector, being subject to the FDCPA, should "bear the burden of monitoring the activities of those it enlists to collect debts on its behalf"); Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1516 (9th Cir. 1994) (finding that "Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken" for purposes of FDCPA liability); Okyere v. Palisades Collection, LLC, 2013 WL 1173992, at *7-8  (S.D.N.Y. Mar. 22, 2013) (holding that "the nature of an attorney-client relationship itself reflects that the client has the power to 'control' its agent in material respects if the client wishes to do so" and therefore a debt collector can be held vicariously liable for the acts of its attorney, absent an additional showing of control).[5]

Here, Plaintiff alleges that "Defendants, on behalf of Calvary, caused to be filed a Civil Complaint."  Comp. at ¶ 6.  Calvary has not disputed that it falls under the definition of "debt

---

[5] Even if the Court were to accept Calvary's argument that an additional showing of control over the attorney is required under the FDCPA for vicarious liability -- a theory on which the Court takes no position at this juncture -- Plaintiff would be entitled to discovery to examine whether Calvary asserted such level of control over Pereira and TLOB.

collector" under the FDCPA or that it maintained an attorney-client relationship with TLOB or Pereira. Therefore, there remains an issue of fact as to whether Calvary may be held vicariously liable for the FDCPA violations of Pereira and TLOB, whom Calvary retained to collect the underlying debt, and the Court will not dismiss the FDCPA claims on this basis.

### 2. Counts III and IV – FCEUA and UTPCPL Claims

In Counts III and IV, Plaintiff alleges violations of two Pennsylvania statutes. Specifically, Count III alleges a violation of § 2270.4(a) of the FCEUA, on the grounds that any violation of the FDCPA by a debt collector also constitutes an unfair or deceptive debt collection act or practice under FCEUA. Comp. at ¶ 50. Count IV alleges a violation of the UTPCPL, on the grounds that any unfair or deceptive debt collection act or practice under the FCEUA by a debt collector constitutes a violation of the UTPCPL. Id. at ¶ 52.

Defendants Pereira and TLOB argue that they are exempt from the definition of "debt collector" under the FCEUA,[6] and therefore, Counts III and IV must be dismissed. Def. Pereira and TLOB's Brief (Doc. 9) at 9-10. Plaintiff agrees, and accordingly, the Court will dismiss Counts III and IV as to Defendants Pereira and TLOB.

Defendant Calvary argues that because these claims are dismissed as to Pereira and TLOB, they must also be dismissed as to Calvary. Def. Calvary's Brief (Doc. 16) at 20. While Plaintiff has not responded to this argument, the Court disagrees with Calvary's assertion. See Gigli v. Palisades Collection, L.L.C., 2008 WL 3853295, at *11 (M.D. Pa. Aug. 14, 2008) (holding that because the debt collector furnished information to the attorneys for debt collection purposes and authorized the filing of the collection action it its own name, they could be held

---

[6] The FCEUA provides that a "debt collector" includes "[a]n attorney, whenever such attorney attempts to collect a debt, as herein defined, *except* in connection with the filing or service of pleadings or discovery or the prosecution of a lawsuit to reduce a debt to judgment." 73 Pa. Stat. Ann. § 2270.3(3)(ii) (emphasis added).

directly liable under the FCEUA); Richburg v. Palisades Collection LLC, 247 F.R.D. 457, 466 (E.D. Pa. 2008) (noting that because it was the debt collector that ultimately would recover if the collection suit were successful, the attorney exception in the FCEUA would not automatically dismiss the debt collector from liability under the FCEUA).

Defendant Calvary argues, in the alternative, that Plaintiff has failed to state a claim for a violation of the UTPCPL, since Plaintiff has not shown that she justifiably relied on the defendant's wrongful conduct or representation. Def. Calvary's Brief (Doc. 16) at 20. Again, the Court disagrees. The FCEUA provides that "If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of [the UTPCPL]." 73 Pa. Stat. Ann. § 2270.5(a). Here, Plaintiff bases her UTPCPL claim on a violation of the FCEUA. Comp. at ¶ 52. Calvary does not challenge the sufficiency of Plaintiff's FCEUA claim. Therefore, according to the plain terms of the statute, Plaintiff has sufficiently alleged a claim under the UTPCPL. See e.g., Mergliano v. MGC Mortg., Inc., 2011 WL 5105440, at *3 (E.D. Pa. Oct. 26, 2011) ("[I]n stating a claim for a violation of the FCEUA, [Plaintiff] has also stated a claim for a violation of the Pennsylvania UTPCPL."); Stuart v. AR Resources, Inc., 2011 WL 904167, at *5 (E.D. Pa. Mar. 16, 2011) ("[A] Plaintiff need only establish a viable claim under the FDCPA in order to state sufficient claims under the FCEUA and UTPCPL"); Dicesari, 2012 WL 4108944, at *4 ("[A] violation of the FCEUA also constitutes a violation of the UTPCPL.").[7]

### 3. Count V – Dragonetti Act Claim

---

[7] Moreover, even if the Court were inclined to accept Defendant Calvary's justifiable reliance argument – which it is not -- there plainly are issues of fact that would preclude dismissal at this early point in the litigation.

Plaintiff alleges in Count V, that Defendant violated the Dragonetti Act, 42 Pa. Stat. Ann. §§ 8351-54. Comp. at ¶¶ 54-61. Defendant Calvary argues that Count V should be dismissed for failure to state a claim because Plaintiff has failed to allege sufficient facts to show (1) a lack of probable cause or negligence; and (2) any improper purpose.[8] Def. Calvary's Brief (Doc. 16) at 21-25.

Pennsylvania's so-called "Dragonetti Act" provides:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa. Stat. Ann. § 8351(a). Under the Dragonetti Act, a person has probable cause if "he reasonably believes in the existence of the facts upon which the claim is based, and either:"

> (1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;
>
> (2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or
>
> (3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa. Stat. Ann. § 8352.

---

[8] Defendants Pereira and TLOB also argued that because the Court should dismiss Plaintiff's FDCPA claims, the Court lacks subject matter jurisdiction over Count V, a state law claim. Def. Pereira and TLOB's Brief (Doc. 9) at 10-11. However, as described above, this Court finds that Plaintiff has stated a claim under the FDCPA and therefore continues to exercise supplemental jurisdiction over Count V.

Here, Plaintiff alleges in her complaint that at the time the civil collection complaint was filed, "Defendants were not in possession of (1) account statements starting with a zero balance up through the date of the alleged default, (2) signed application by Pierce, (3) account statements reflecting Pierce owed the amount alleged in the complaint, (4) documentation substantiating Calvary's request for interest at 22.65%, and (5) proof that Pierce's account was assigned from the original creditor." Comp. at ¶ 11.  Plaintiff further alleges that at the time the collection suit was filed, the Defendants did not reasonably believe that the facts in their possession established a valid cause of action against Pierce, and Defendants did not have in their possession admissible evidence to establish that Pierce owed Calvary the amount set forth in the complaint. Id. at ¶¶ 55-56.

Taking these allegations as true, the Court finds Plaintiff has pled sufficient facts to survive a motion to dismiss.  See Phillips, 515 F.3d at 234 ("[A claim] simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Gigli, 2008 WL 3853295, at *14 (denying defendant's motion for summary judgment on a Dragonetti Act claim because a reasonable jury could find a lack of probable cause when an attorney lacked proof of a contract's existence at the time a collection complaint was filed).  Thus, the Court finds that Plaintiff is entitled to discovery on these allegations, and therefore denies the Motion to Dismiss as to Count V.

### B. Defendant Calvary's Motion to Compel Arbitration

In Calvary's Motion to Compel Arbitration, Calvary argues that the underlying credit card account was subject to an account agreement, which contained an arbitration clause allowing the parties to elect arbitration in the case of litigation. Def. Calvary's Brief (Doc. 16) at 3.  Accordingly, Calvary asserts that it now elects arbitration.

Before compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), a court must determine that: "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement."  Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009).  When determining whether a valid agreement to arbitrate exists, a court looks to the "ordinary state-law principles that govern the formation of contracts."  Id. (internal citations omitted).  Under Pennsylvania law, a valid contract requires the following: (1) mutual manifestation of an intention to be bound; (2) sufficiently definite terms; and (3) consideration.  Id.  While the FAA reflects a "strong federal policy in favor of the resolution of disputes through arbitration," this presumption "does not apply to the determination of whether there is a valid agreement to arbitrate between the parties."  Id. (internal citations omitted).

The Third Circuit recently clarified which standard trial courts should use when considering motions to compel arbitration.  Guidotti v. Legal Helpers Debt Resolution, L.L.C.,716 F.3d 764 (3d Cir. 2013).  The Court held:

> [A] Rule 12(b)(6) standard is inappropriate when either the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a naked assertion that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did. Under the first scenario, arbitratibility not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record.

Id. at 774 (internal citations omitted).  The Court further explained that in these situations, a "restricted inquiry into factual issues will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate, and the non-movant must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement."  Id.  Therefore, Rule 56's summary judgment standard is the appropriate

standard in those situations, to ensure that "arbitration is awarded only if there is an express, unequivocal agreement to that effect." Id. at 775.

Here, while Plaintiff's complaint recognizes the existence of a credit card agreement, the agreement is not attached to the complaint, nor is the arbitration provision of the agreement apparent on the face of Plaintiff's complaint. Therefore, since the complaint and its supporting documents are unclear regarding the agreement to arbitrate, under Giodatti, a Rule 12b(6) standard is inappropriate to determine whether there was a meeting of the minds on the agreement to arbitrate. Id. at 774.

Accordingly, the Court will entertain a structured discovery schedule that provides for an initial period of limited fact discovery on the issue of whether the credit card agreement requires the parties to arbitrate their dispute. Upon such discovery, the Court will entertain a renewed motion to compel arbitration, if applicable, and will evaluate the motion under a summary judgment standard.

## CONCLUSION

For the reasons stated above, Counts III and IV are dismissed as to Defendants Pereira and TLOB, since these Defendants do not qualify as "debt collectors" under the FCEUA. The following Counts remain: Counts I and II as to all Defendants; Counts III and IV as to Defendant Calvary, and Count V as to all Defendants.

## II.   ORDER

For the reasons stated above, Defendants Pereira and TLOB's Motion to Dismiss (Doc. 8) is **GRANTED IN PART.** Counts III and IV are dismissed as to Defendants Pereira and TLOB. Defendant Pereria and TLOB's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 8) is **DENIED**.

Defendant Calvary's Motion to Dismiss (Doc. 15) is **DENIED**.  Defendant Calvary's Motion to Compel Arbitration (Doc. 15) is **DENIED** without prejudice.

IT IS SO ORDERED.

December 20, 2013                                             s\Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record